IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

───────────────

No. 02-50680
Summary Calendar

───────────────

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN AYALA-CARRILLO,

Defendant-Appellant.

───────────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-1964-ALL-DB

───────────────

February 27, 2003

Before GARWOOD, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Juan Ayala-Carrillo ("Ayala") appeals his conviction,
following a jury trial, of importation of 100 kilograms or more of
marijuana and possession of 100 kilograms or more of marihuana with
intent to distribute, in violation of 21 U.S.C. §§ 860 and 841(a).
The district court sentenced Ayala to concurrent 78-month prison

───────────────

[*]Pursuant to 5TH CIR. R.47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

terms and four-year terms of supervised release.

Ayala contends that the district court erred in denying his request that the jury be instructed that "general nervousness alone" is insufficient to prove guilty knowledge. He maintains that such an instruction was supported by the evidence that, he argues, reflected no connection between his nervousness and any consciousness of guilt.

We review for abuse of discretion the district court's refusal to give a jury instruction requested by the defense. *United States v. John*, 309 F.3d 298, 304 (5th Cir. 2002). "A court commits reversible error where (1) the requested instruction is substantially correct; (2) the requested issue is not substantially covered in the charge; and (3) the instruction 'concerns an important point in the trial so that the failure to give it seriously impaired the defendant's ability to effectively present a given defense.'" *Id.* (citation omitted).

It is true, as Ayala argues, that "[i]n the absence of facts which suggest that the defendant's nervousness or anxiousness derives from an underlying consciousness of criminal behavior, evidence of nervousness is insufficient to support a finding of guilty knowledge." *United States v. Diaz-Carreon*, 915 F.2d 951, 954 (5th Cir. 1990). Nonetheless, the instruction on nervousness requested by Ayala was incomplete, because the court in *Diaz-Carreon* also stated that "[n]ervousness behavior at an inspection

2

station frequently constitutes persuasive evidence of guilty knowledge." *See id*. The instructions submitted to the jury substantially covered the issue of Ayala's nervousness, directing the jury to consider all "facts and circumstances in evidence which indicate [Ayala's] state of mind," and permitting the jury to draw any number of inferences from evidence of Ayala's nervous behavior. The jury was also told that it was permitted "to draw such reasonable inferences" from the evidence "as you feel are justified in the light of common experience" and to "make reasonable deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence." Ayala, therefore, remained free to argue, and did in fact argue, consistently with *Diaz-Carreon*, that his nervousness was simply a normal reaction to the circumstances of his interrogation. *See, e.g., Diaz-Carreon*, 915 F.2d at 954 (noting that "[n]ervousness . . . is 'a normal reaction to circumstances which one does not understand.'"). The evidence showed that Ayala was extremely nervous when subjected to initial routine questioning at the primary U.S. Customs inspection area on entering the United States at the Bridge of the Americas. There is no evidence that such an initial, routine questioning was an event that Ayala did not understand.

Finally, the trial evidence was more than sufficient to establish that Ayala's nervousness "derived from an underlying

3

consciousness of criminal behavior." *See id.* The jury was authorized to infer Ayala's knowledge of the presence of the marihuana from the following circumstances, viz: his exercise of sole control over the unlocked and unsealed trailer in which it was concealed;[1] his fingerprints being found on both a package of adhesive numbers found within the trailer and on the actual numbers that had been affixed to the trailer, suggesting both that he was personally involved in attempting to disguise the marihuana shipment as a cargo of televisions and that he had entered the trailer; the fact that on entry the trailer smelled of marihuana; the inconsistent and implausible statements made by him to the authorities, including that he did not know the address of the establishment to which he was assertedly to deliver the purported load of televisions; and the fact that the trailer handled as if it was not loaded.[2]

Accordingly, the district court did not abuse its discretion in declining to instruct the jury on "general nervousness alone." *See John*, 309 F.3d at 304.

The judgment of the district court is AFFIRMED.

---

[1]*See United States v. Jones*, 185 F.3d 459, 464 (5th Cir. 1999).

[2]The only evidence presented by the defense was testimony of a Public Defender's Office investigator as to the importance of securing the crime scene and that numbers on trailers were not official Department of Transportation numbers.

4